# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL WARREN, | )<br>) |
| Plaintiff, | )<br>) Civil No. 3:18-cv-1216<br>) |
| v. | )<br>) District Judge Richardson<br>) Magistrate Judge Holmes |
| LEE COMPANY, | )<br>) |
| Defendant. | )<br>) |

## JOINT INITIAL CASE MANAGEMENT ORDER

The initial case management conference was held on January 22, 2019. Counsel participating were: Paige Lyle for Plaintiff and Mary Dohner Smith and Stephanie Chavez for Defendant. From the proposed initial case management order submitted by the parties (Docket No. 14) and discussion during the initial case management conference, and pursuant to Local Rule 16.01, the following case management plan is adopted.

**A. JURISDICTION:**

The court has jurisdiction pursuant to 28 U.S.C. § 1331, 1343(a)(4), and 1367(a) for claims brought under the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA") and the Tennessee Disability Act ("TDA")[1]. Subject-matter jurisdiction, personal jurisdiction, and venue are not disputed.

---

[1] Plaintiff also filed an EEOC charge to preserve claims under the Americans with Disabilities Act. He will seek to amend his Complaint to add those claims when they are ripe.

1

**B. BRIEF THEORIES OF THE PARTIES:**

(1) PLAINTIFF:

The same week that Plaintiff notified his supervisor he needed time off for surgery, he was unlawfully terminated from his employment at Lee Company. Mr. Warren's request for medical leave was a federally protected right under the Family Medical Leave Act. However, rather than notifying Mr. Warren of his federally protected right to take leave, his supervisor became irate, scrutinized his job performance and unjustifiably criticized his work. When Mr. Warren pointed out that the sudden hostility came on the heels of his request for medical leave, his supervisor told him to leave the premises and terminated him later that same day. Mr. Warren tried to appeal his termination to human resources but was ignored or rebuffed at every turn. The Lee Company is standing by its discriminatory and retaliatory conduct.

(2) DEFENDANT:

Defendant denies Plaintiff's termination was discriminatory or retaliatory in any way. Plaintiff alleges he was terminated because he had a hernia and needed to be off work for surgery but what Plaintiff fails to mention is that he had ongoing performance problems. Most notably, Plaintiff failed to follow the directives of his immediate supervisor. When approached about his performance, Plaintiff became argumentative. Plaintiff's poor performance and argumentative attitude came to a head and he was specifically instructed by his supervisor to go home to cool off. Rather than follow the directive, Plaintiff returned to work and thus, his employment was terminated.

As a result, Defendant denies it interfered with Plaintiff's FMLA rights or retaliated against him for exercising those rights. Defendant likewise denies it discriminated against Plaintiff due to

any alleged disability and denies it retaliated against Plaintiff for requesting any accommodation. Plaintiff's claims fail as a matter of law and should be dismissed.

**C. ISSUES RESOLVED:** Jurisdiction and venue.

**D. ISSUES STILL IN DISPUTE:** Liability and damages.

**E. INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to Federal R. Civ. P. 26(a)(1) by no later than **February 26, 2019**. The initial disclosures must include copies of responsive documents (not descriptions of documents or of categories of documents). For Plaintiff, the disclosures should include copies of any correspondence about his medical leave request and efforts to appeal his termination. For Defendant, the disclosures should include a copy of Plaintiff's personnel file and any investigative file (exclusive of privileged or otherwise protected information, for which a log should be provided).[2]

**F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:** The parties must make a minimum of two independent, substantive attempts at case resolution. By no later than **April 10, 2019**, Plaintiff shall make an initial demand to Defendant. By no later than **May 31, 2019**, the parties shall file a joint case resolution status report, confirming they made a good faith attempt at resolution of this case and discussed the feasibility of mediation. The parties should conduct enough discovery prior to May 31 to engage in meaningful settlement discussions. By no later than **September 27, 2019**, the parties shall submit a joint report, which either confirms that the parties made a second good faith attempt to resolve the case or updates the Court on the status of the parties' intended second attempt. The parties may mediate any time by agreement without further order, provided the mediation is concluded by **September 30, 2019**, and does not interfere

---

[2] These specific disclosures may have been overlooked for discussion during the initial case management conference, but are of the kind that the Court ordinarily requires in cases like this.

3

Case 3:18-cv-01216   Document 15   Filed 02/04/19   Page 3 of 8 PageID #: 48

with any case management deadlines. Any request of the parties for a judicial settlement conference must be made by no later than **July 10, 2019**, and must also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this case resolution plan is not optional.

**G. DISCOVERY:** All discovery shall be completed by **September 27, 2019**. All written discovery should proceed promptly and be served by **August 16, 2019**. Discovery is not stayed during dispositive motions or discovery disputes, unless ordered by the court.

No discovery disputes may be brought to the Court for resolution before lead counsel for all parties has conducted an in-person meeting and made a good faith effort to resolve any dispute(s). A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute. Discovery disputes that cannot be resolved after the required discussion(s) should be brought promptly to the attention of the Magistrate Judge via a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery-related motions. In connection with any discovery conference, the applicable parties shall file a joint discovery dispute statement, which is limited to 3 pages per applicable party and which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities.[3] The joint discovery dispute statement shall certify that lead

---

[3] The parties may attach copies of disputed discovery requests and responses, but the joint statement must still identify by specific number, the request(s) in dispute.

4

counsel for every applicable party held the aforementioned telephonic or in-person discussion(s) and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (a)(3), but must clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the party's memorandum of law or response, as the case may be. All permitted discovery related motions shall be filed by no later than **September 13, 2019**.

**H. MOTIONS TO AMEND OR TO ADD PARTIES:** The parties shall file all motions to amend or add parties on or before **May 8, 2019**. Any motion to amend or add parties must comply with Local Rules 7.01 and 15.01.

**I. DISCLOSURE OF EXPERTS:** The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **June 7, 2019**. The defendant shall identify and disclose all expert witnesses and reports on or before **August 9, 2019.** Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. All expert depositions shall be completed by the discovery deadline, **September 27, 2019**, with the exception of an economic expert. If an economic expert is designated, the Parties have until 60 days before trial to depose that expert.

**J. SUBSEQUENT CASE MANAGEMENT CONFERENCE:** A subsequent case management conference shall be held telephonically on **August 14, 2019, at 9:00 a.m.,**[4] to address: the status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. Plaintiff's counsel shall initiate the call.

**K. DISPOSITIVE MOTIONS:** As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed no later than **October 25, 2019**. Responses to dispositive motions shall be filed **within 28 days** after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed **within 14 days** after the filing of the response. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

**L. ELECTRONIC DISCOVERY.** The parties have agreed the default standard contained in Administrative Order No. 174-1 need not apply to this case. The Parties will enter into a separate ESI agreement to the extent one is required. Any such agreement will be reduced to writing, signed by counsel, and filed as either a stipulation of agreed upon electronic discovery procedures, or, if the parties request court approval, submitted as a proposed agreed order with an accompanying motion for approval. However, in the absence of a written agreement, the provisions of Administrative Order No. 174-1 will apply.

---

[4] The time is changed from 10:00 a.m. (the time set at the ICMC) to 9:00 a.m. due to a conflict in the Court's calendar.

**M. MODIFICATION OF CASE MANAGEMENT ORDER.** Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(d)(2.f) and that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extension should also detail the moving party's efforts and diligently complying with the originally scheduled deadlines and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

**N. OTHER MATTERS.**

(1)     Counsel for the parties agree to service of case-related material not otherwise filed through the Clerk's Office by electronic mail attachment in PDF and Word format, in addition to any other format as agreed, sent to opposing counsel's email address who shall then accept such electronic service of case-related documents in lieu of the delivery of printouts or other physical copies. The Parties also agree that all document production exchanged pursuant to Federal Rule of Civil Procedure 26(a) and 34 will be bates stamped for ease of reference and produced in electronic format.

7

(2) The Parties anticipate third-party discovery pursuant to Fed. R. Civ. P. 45. The Parties agree to provide each other at least three (3) business days advance notice prior to issuance of a subpoena.

(3) The Parties anticipate that entry of a protective order governing the use and dissemination of confidential information may be required. However, formal entry of a mutually agreeable protective order once such proposed order has been submitted by the Parties will not delay production of discoverable information.

**O. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE.** A **JURY** trial date is requested on or after **Tuesday, April 21, 2020**. The trial is expected to last **four days**. An order setting dates for trial and a pretrial conference and detailing the parties' pretrial obligations will be entered separately by Judge Richardson.[5]

It is so **ORDERED.**

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[5] The parties were also reminded during the case management conference of their option to consent to final disposition by a Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed **only if all parties consent** to final disposition by a Magistrate Judge.